IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| CECELIA QUILLIN, an individual,<br><br>Plaintiff<br><br>v.<br><br>KOIN-TV, INC., a Delaware corporation; NEXSTAR BROADCASTING, INC., a Delaware corporation; THOMAS KEELER, an individual; and CASEY WAAGE, an individual,<br><br>Defendants | Case No.:<br><br>**COMPLAINT – Unlawful Employment Discrimination, Retaliation & Harassment; Failure to Accommodate Disabled Employee; Wage Theft; Statutory Penalties**<br><br>Prayer: $50,481,397<br><br>Filing Fee: $281.00 (ORS 21.135(2)(g))<br><br>(Not subject to mandatory arbitration)<br><br>**Jury Trial Requested** |

**INTRODUCTION**

1.

Plaintiff Cecelia Quillin (hereinafter "Ms. Quillin") brings this action alleging that Defendants KOIN-TV, Inc. ("Defendant KOIN"); owned by Nexstar Broadcasting, Inc. ("Defendant Nexstar"); Thomas Keeler, Nexstar/KOIN Vice President and General Manager ("Defendant Keeler"); and Casey Waage, Nexstar/KOIN Director of Sales ("Defendant Waage") engaged in unlawful employment practices (all four Defendants are referred to hereinafter collectively as "Defendants"); defendants Nexstar and KOIN are referred to hereafter collectively as "Defendant Nexstar/KOIN"). Specifically, Defendants created a hostile work environment on the basis of sex, age and disability, and retaliated against Ms. Quillin by terminating and denying her employment because she engaged in lawfully protected conduct,

Page 1 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 1 of 25

including opposing and making complaints of unlawful discriminatory, harassing, and retaliatory behavior; because she engaged in protected use of medical leave; because she requested accommodation for a disability; because she was perceived as disabled; and/or because she was disabled. Additionally, at the time of Ms. Quillin's termination, Defendants Nexstar/KOIN owed her approximately $22,772 in salary/guarantee and/or sales commissions, due at termination and still unpaid at the date of this filing. Ms. Quillin seeks wages due and owing at termination and statutory damages for wage loss and non-economic harms; along with statutory penalties, litigation costs, attorney's fees, and equitable relief; reserving the right to seek punitive damages.

## JURISDICTION AND VENUE

2.

Defendant Nexstar/KOIN engages in regular and sustained business activity in Portland, Oregon, operating the CBS affiliate television station KOIN-6.

3.

This case is properly before the Court because the events giving rise to this matter arose in Multnomah County and because Defendants Keeler and Waage live in Clackamas and Multnomah Counties, respectively.

## FACTUAL ALLEGATIONS

4.

In or around July 2016, Ms. Quillin began working for Defendant Nexstar as a Digital Account Executive at its Grand Rapids, Michigan subsidiary, WOOD TV 8, earning $30,000 per year in salary plus commissions on her sales.

5.

In or around May 2019, Ms. Quillin relocated to Portland, Oregon, continuing working as a Digital Account Executive for Defendant Nexstar on Defendant KOIN's digital sales team. Defendant Nexstar/KOIN incentivized Ms. Quillin's move with a raise, increasing her salary to $60,000 per year plus commissions, with additional benefits such as health insurance and 401-K

Page 2 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 2 of 25

contributions.

6.

From her May 2019 arrival at Defendant Nexstar/KOIN's Portland station through her termination in May of 2024, Ms. Quillin received multiple positive performance reviews, regular recognition for her achievements and an increase in compensation on a yearly basis, earning approximately $78,000.00 in 2020, $99,000 in 2021, $119,000.00 in 2022, and $150,000.00 in 2023.

7.

In or around October 2022, while at a work function, Ms. Quillin's direct supervisor, Jim Doyle, Defendant Nexstar/KOIN's Digital Sales Manager, and Ms. Quillin's direct supervisor, called Ms. Quillin "special needs" in front of at least two coworkers. She understood this to be a condescending descriptor based on her gender, based on her attention deficit disorder (ADHD) diagnosis, and based on Mr. Doyle perceiving her as disabled due to her 4'10" stature. Haunted by Mr. Doyle's comment, a few weeks later, she informed Mr. Doyle that she felt his comments were hurtful and discriminatory, raising her concern that he had targeted her based on her gender and disability. He responded by warning her that if she ever went to Defendant Nexstar/KOIN's Human Resources (HR) department, he would retaliate by reporting her to HR for having "a lot of needs that were special." Mr. Doyle did not identify any "needs," explain how they "were special," or give any legitimate reason for targeting Ms. Quillin.

8.

In or around December 2022, Defendant Keeler promoted Defendant Waage from Nexstar/KOIN Local Sales Manager to Nexstar/KOIN Director of Sales. Many of Ms. Quillin's female colleagues and she were alarmed at Defendant Keeler's decision to promote Defendant Waage to Director of Sales, based on his demeaning attitude toward his female coworkers, and particularly after they became aware Defendant Waage had been the subject of prior sexual harassment complaints. With Defendant Waage's promotion came low morale, high pressure and

Page 3 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 3 of 25

increased stress for Ms. Quillin and her female coworkers.

9.

In or around January through March 2023, Defendant Waage repeatedly badgered Ms. Quillin to change her desk location. Since returning to work after working remotely during the COVID-19 pandemic, Ms. Quillin's desk had been separated from the open sales pit cubicles, along with several other Account Executives, for social distancing purposes. Defendant Waage knew Ms. Quillin was anxious about COVID-19 and he could not have overlooked that she was one of the only people who still consistently wore a mask at meetings. During this time, Defendant Waage tried to move Ms. Quillin's desk closer to others' several times. In response Ms. Quillin informed Defendant Waage and Defendant Nexstar/KOIN's Business Administrator Lisa Newell that she was diagnosed with ADHD and was a germaphobe, asking that her request for social distancing be accommodated based on these disabilities. Defendant Nexstar's Human Resources department required Ms. Quillin to fill out a Defendant Nexstar/KOIN form with medical information related to these disabilities; however, before Ms. Quillin was able to complete a formal request, Defendant Nexstar/KOIN reversed its position, permitting her to keep her desk separate from the sales pit cubicles.

10.

In or around March 2023, without giving Ms. Quillin any advance notice or an opportunity to weigh in on the decision, Defendant Waage changed Ms. Quillin's direct manager from Mr. Doyle to Defendant Nexstar/KOIN's new Sales Manager, Katherine Dougherty. While at times Ms. Quillin had felt belittled by Mr. Doyle, it was well known among the sales team how closely Mr. Doyle and Ms. Quillin worked together, and their success was supported by their sales record. This successful and close working relationship was known to Defendant Waage, who on numerous occasions, approached from behind Ms. Quillin's desk and chided her with statements demonstrating this knowledge, to the effect of "oohhh, talking to Jimmm again?" For Ms. Quillin, these statements landed as mocking her working relationship with Mr. Doyle as

Page 4 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 4 of 25

unprofessional or romantic, based on their respective genders. Meanwhile, there was no reason to suggest Ms. Quillin had any inappropriate intentions or actions with regard to her direct supervisor, Mr. Doyle.

11.

After her reassignment to Ms. Dougherty, Ms. Quillin told Defendant Waage that she wished he had the respect and empathy to tell her directly that her manager was changing. After this, and on numerous occasions, Defendant Waage falsely told Ms. Dougherty that Ms. Quillin did not want her to be Ms. Quillin's manager, which caused tension between Ms. Dougherty and Ms. Quillin from the start.

12.

On or about March 15, 2023, Ms. Quillin reported to Defendant Nexstar/KOIN's Business Administrator, Lisa Newell, Defendant Waage's constant harassment, bullying, condescending attitude and belittling tone in which he addressed her. Ms. Quillin stated that Defendant Waage did not use the same attitude or tone with any of the other employees, and that she felt it was related to her short stature, which she understood to qualify as a disability recognized under protections for disabled employees. In response, Ms. Newell nodded her head and rolled her eyes, which Ms. Quillin understood to communicate that she was familiar with Defendant Waage's harassment. Ms. Quillin told Ms. Newell that she had asked Defendant Waage at least five times since he became Director of Sales not to speak to her like a baby, but to respect her as a woman who was in fact in her late 30s. Ms. Quillin informed Ms. Newell she felt Mr. Waage's behavior rose to the level of harassment. Ms. Quillin also reported to Ms. Newell how Mr. Doyle had called her "special needs" in a way Ms. Quillin found to be demeaning, in targeting her age, sex and disability.

13.

In or around April 2023, Mr. Doyle and Ms. Dougherty delivered Ms. Quillin's 2022 Annual Performance Review. In contrast with Ms. Quillin's history of receiving only positive

Page 5 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 5 of 25

reviews from Defendant Nexstar and Defendant KOIN, this review contained blatantly false claims, leveraging unfair scrutiny and tone policing in retaliation for Ms. Quillin's protected whistleblowing activity. The review included unsubstantiated allegations that she had inappropriately sent emails using bold lettering, all caps, and enlarged font sizes with too many exclamation points.

14.

Upon receiving the review, Ms. Quillin did a thorough search of her emails and was unable to find any that fit the description in her review. Ms. Quillin provided Defendant Nexstar/KOIN a written rebuttal to the review, asking if Mr. Doyle could provide any examples of such emails - a request that went unanswered. Mr. Doyle's silence contrasted with the supportive (if at times demeaning) relationship Ms. Quillin had with Mr. Doyle before Defendant Waage became Sales Manager in 2019. Ultimately, Mr. Doyle provided no assistance in correcting Ms. Quillin's 2022 Annual Performance Review, which she learned later had been heavily influenced by Defendant Waage.

15.

In or around May 2023, Defendant Keeler called Ms. Quillin into his office, purportedly to discuss a client account. When Ms. Quillin arrived in his office, Defendant Keeler called her over to show her something on his phone. Alone with Ms. Quillin in his office, Defendant Keeler turned the screen on his phone toward her with a pornographic video playing on the screen. In the moment, Ms. Quillin was dumbfounded with shock and intimidation. Defendant Keeler, observing her astonished expression, did not apologize, explain or otherwise address this in any way. After this incident, Ms. Quillin never felt comfortable around Mr. Keeler enough even to make eye contact with him avoiding his office at all costs. That same day she disclosed the incident to a number of close friends, family and colleagues. However, Ms. Quillin never reported Defendant Keeler to HR due to the embarrassing nature of the encounter and her fear of further retaliation after her earlier whistleblowing motivated management to hand down a poor

Page 6 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 6 of 25

performance review.

16.

In or around June or July of 2023, Ms. Quillin became aware that her longest-running and highest revenue client – and also KOIN's then-highest direct revenue client – was considering taking its advertising business to a competitor of Defendant KOIN. In addition to learning that this competitor was trying to take over the client's advertising from Defendant KOIN, Ms. Quillin heard from multiple sources that the competitor was a con artist, operated a multi-level marketing scam business, and had a reputation for being sexist to women. Meanwhile, Ms. Quillin became aware this competitor had been falsely accusing Defendant Nexstar/KOIN of putting porn backlinks on its website. Ms. Quillin informed Defendant Nexstar/KOIN management of these concerns, including identifying her sources of information.

17.

Despite Ms. Quillin's exhaustive efforts to protect Defendant Nexstar/KOIN, their client, and the women in Defendant KOIN's workforce by warning Mr. Doyle of the risks of associating with working with the competitor, Mr. Doyle volunteered to the client that he could always have the competitor continue to run the client's social media advertising campaign on Defendant KOIN's website. This would mean that Ms. Quillin and the competitor would likely be required to work closely together despite Ms. Quillin's best efforts to protect herself from having to do so. Immediately after the meeting Ms. Quillin went into Mr. Doyle's office, and in a normal tone asked him why he would agree to such an arrangement.

18.

On or around July 25, 2023, without explaining why, Defendant Waage called Mr. Doyle, Ms. Dougherty and Ms. Quillin into his office. Mr. Waage told Ms. Quillin he was going to write her up for questioning Mr. Doyle's decision to encourage the client to continue to work with their competitor as described above. Defendant Waage mischaracterized Ms. Quillin's raising concerns about the agreement with Mr. Doyle as disruptive, opining further that she had asked

Page 7 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 7 of 25

too many questions. Ms. Quillin explained her concerns about the competitor to Defendant Waage. In response Defendant Waage accused Ms. Quillin of reporting these concerns to the incorrect manager in bringing her concerns to Mr. Doyle initially. Ms. Quillin responded that Defendant Nexstar/KOIN had instructed her to bring such concerns to Mr. Doyle. Indeed, at this meeting, both Mr. Doyle and Ms. Dougherty confirmed this to be the case. Defendant Waage nevertheless included this false accusation in a formal write-up he added to Ms. Quillin's personnel record after the meeting.

19.

Later that day, Ms. Dougherty shared with Ms. Quillin that she felt horrible about the effect of Defendant Waage's unwarranted accusations and pretextual write-up on Ms. Quillin. Ms. Dougherty admitted that Defendant Nexstar/KOIN's management had unfairly targeted Ms. Quillin. Ms. Dougherty directed Ms. Quillin to work from home the rest of that day, and that she was going to talk with Defendant Waage, Ms. Newell and "whoever else" to remove the write-up from Ms. Quillin's personnel record. However, the retaliatory write-up was never removed.

20.

On or around July 26, 2023, Ms. Quillin emailed management, including Defendant Waage, Defendant Keeler, Mr. Doyle, Ms. Newell and Ms. Dougherty, describing how the false accusations against her were causing her extreme anxiety. Ms. Quillin's email explained how her write-up was false, blown out of proportion and taken out of context, asking why "instead of being congratulated for my hard work and persistence on saving the station's largest direct account, I am being written up for asking a question." Again, Ms. Quillin asked Mr. Doyle for his support and to correct the record to accurately reflect the circumstances of their exchange.

21.

On or about July 27, 2023, Ms. Quillin submitted a formal grievance to Defendants Nexstar and KOIN in which she reported how her managers used bullying and condescension to target her with severe and/or pervasive sexist and ableist harassment. In response, Ms. Newell

Page 8 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 8 of 25

informed Ms. Quillin that Defendant Nexstar/KOIN would investigate her concerns; however, Ms. Quillin was never informed of any findings from any such investigation. Soon after Ms. Quillin submitted her grievance, Ms. Dougherty and Ms. Newell summoned Ms. Quillin to a conference room and presented her with a formal write-up. Startled that these managers who had promised an investigation were instead disciplining her, Ms. Quillin asked why she was being written up. Ms. Dougherty later told Ms. Quillin she had been unable to raise Ms. Quillin's concerns with Defendant Nexstar/KOIN's HR because she had been too busy.

22.

When Ms. Quillin asked Ms. Dougherty why the write-up included several false allegations, Ms. Dougherty deferred, informing Ms. Quillin that Defendant Waage had authored the document and only asked Ms. Dougherty to deliver it.  Ultimately, the write-up accused Ms. Quillin of asking too many questions, cc'ing Mr. Doyle excessively and sending Mr. Doyle too many messages. Paradoxically, Mr. Doyle had earlier directed Ms. Quillin to copy him on all communications.  At the close of the meeting when the write-up was delivered, Ms. Dougherty asked Ms. Quillin to leave the conference room so she could speak with Ms. Newell.  Later, Ms. Dougherty told Ms. Quillin in a phone call that after Ms. Quillin left the room, Ms. Dougherty had informed Ms. Newell that much of the write-up was false, and that Ms. Dougherty did not want her name on the write-up or to be associated with it in any way.

23.

On or about July 27, 2023, after the write-up and grievance meeting, Ms. Quillin noticed her write-up sitting face up on the printer used by her sales team.  Ms. Quillin emailed Ms. Newell along with several other managers, asking why the defamatory write-up was left on the printer in plain view in light of Defendant Nexstar/KOIN's confidentiality policies regarding personnel records.

24.

Also on or about July 27, 2023, Ms. Quillin asked Ms. Dougherty about the basis for the

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 9 of 25

allegations in the write-up that she had been disrespectful towards the Local Sales Manager, who at that time was Ms. Dougherty herself. Ms. Dougherty responded that she had been unaware the write-up made that claim, nor did she know to what it was referring. Ms. Dougherty added that she did not contribute anything to the write-up and did not read it in advance, and that Defendant Waage had simply directed her to deliver it to Ms. Quillin.

25.

On or about July 25 through August 1, 2023, Ms. Dougherty communicated several times to Ms. Quillin that she did not feel right about Ms. Quillin's write-up. She reiterated that Ms. Quillin had been reporting to the correct managers as directed, and she was not a witness to any of the other false accusations in the write-up and that she wanted no part of it. Other colleagues also shared with Ms. Quillin their impression that despite her performance being exemplary, they observed management ganging up on her.

26.

On or about August 16, 2023, Ms. Quillin sent Defendant Keeler and Ms. Newell a rebuttal to the write-up, reiterating her concern about the risk of the aforementioned competitor to women in Defendant Nexstar/KOIN's workforce, and how it motivated her to question Mr. Doyle's suggestion she should work with this competitor. Ms. Quillin went on to explain how the write-up amounted to sex-based tone policing, and contrast the scrutiny directed at her with the latitude given others in the workplace. Ms. Quillin pointed out how others were held to a different standard with regard to workplace conduct, such as Mr. Doyle's threat to retaliate against her for him calling Ms. Quillin "special needs." Ms. Quillin also reported several instances of bullying, inappropriate and gender-biased comments, and threats in the workplace. Ms. Quillin responded to each "issue" raised in her write-up, explaining how each accusation was unfair, inaccurate or both, and requested for the write-up to be withdrawn.

27.

On or about August 16, 2023, Defendant Keeler emailed Ms. Quillin, confirming he had

Page 10 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438
Exhibit 1 - Notice of Removal - Page 10 of 25

received her grievance letter and the write-up, and that he stood by everything in the write-up. Defendant Keeler's email falsely accused Ms. Quillin of sending unprofessional emails in violation of Defendant Nexstar/KOIN's employment policies, adding that she had communicated in an "unprofessional and at times combative tone." In response, Ms. Quillin asked Defendant Keeler to provide examples of such communications.  Defendant Keeler replied that the matter was closed, without providing a single example. Ms. Quillin contacted Defendant Nexstar/KOIN's HR department to appeal the write-up.

28.

On or about September 5, 2023, Ms. Quillin met with Defendant Keeler and he handed her a revised version of the July 27, 2023 write-up. When Ms. Quillin asked Defendant Keeler how Defendant Nexstar/KOIN intended to address Ms. Quillin's report of Mr. Doyle calling her "special needs," Defendant Keeler replied with words to the effect of, "oh that?  I don't know, I think that was just a joke," adding, "you're a smart girl," chiding Ms. Quillin "to eat a slice of humble pie." As a woman, younger than Mr. Keeler, Ms. Quillin received these comments as particularly condescending, chauvinistic, hurtful and demeaning.

29.

On or about September 7, 2023, Ms. Quillin emailed Courtney Williams, Defendant Nexstar/KOIN's then-Chief Diversity Officer and Vice President of HR[1], to initiate an appeal of the write-up and escalate her concerns regarding discriminatory and retaliatory harassment and bullying.

30.

In or around October 2023, in a teleconference with Ms. Williams regarding Defendant Waage's harassment, Ms. Quillin reported that she did not feel safe taking her concerns about Defendant Waage's condescending, chauvinistic and ableist tone to Defendant Keeler, because she knew the two had been close friends for years before working for Defendant Nexstar/KOIN

---

[1] Defendant Nexstar has since stripped Ms. Williams of her Chief Diversity Officer title.

Page 11 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 11 of 25

together. Ms. Williams was dismissive of these concerns. During the call, Ms. Quillin requested formal apologies from management, mediation, along with training for managers regarding how to treat women appropriately in the workplace. Ms. Williams asserted that Defendant Nexstar/KOIN took harassment seriously and promised a thorough investigation, and that she would report back with findings. Ms. Williams' comment normalizing Defendant Keeler's favoritism for Defendant Waage reinforced Ms. Quillin's concern that if she were to report Defendant Keeler's use of a pornographic video to intimidate and harass her earlier in the year, she would be fired immediately.

31.

In or around November 2023, Ms. Williams and Ms. Quillin met virtually again, and Ms. Williams stated Defendant Nexstar's HR had completed their investigation and decided not to honor Ms. Quillin's request to correct her July 2023 write-up. In the same meeting, Ms. Quillin asked Ms. Williams for Defendant Nexstar/KOIN's position regarding her report of Mr. Doyle calling Ms. Quillin "special needs." Ms. Williams promised Ms. Quillin that her concerns would be addressed, and that Ms. Quillin would be updated. Ms. Quillin never heard back.

32.

On or about November 29, 2023, experiencing severe pain from a medical condition related to women's reproductive health, Ms. Quillin provided Ms. Dougherty and Ms. Newell her doctor's work restriction directing that she be allowed to work from home "approximately 7 days per month when experiencing severe pelvic pain." Both Ms. Dougherty and Ms. Newell confirmed receipt. Sometimes Ms. Quillin's pain from this disabling condition was so intense she could not even work from home, using sick days instead.

33.

In or around December 2023, Defendant Waage told Ms. Quillin she could not use her sick days for the remainder of the year, asking for details about her medical condition. Ms. Quillin declined to share sensitive personal details about her illness. Ms. Quillin explained that

Page 12 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 12 of 25

she and Ms. Dougherty, who was present for the conversation, were successfully cooperating in accommodating the doctor's work restriction without Defendant Waage's involvement.  In response, Defendant Waage waved his hand in a dismissive manner with words to the effect of, "Kathie [Dougherty], you deal with it." Ms. Quillin returned to Ms. Dougherty's office in tears, asking Ms. Dougherty, "why does he have to harass someone who is sick?"  Ms. Dougherty told Ms. Quillin that she was protected and didn't have to give Defendant Waage her medical details. Ms. Dougherty informed Ms. Quillin that Defendant Waage's targeting of Ms. Quillin kept Ms. Dougherty up at night, opining that Defendant Waage's behavior toward Ms. Quillin had reached a "litigious level." Ms. Dougherty went on to describe Defendant Waage's and Defendant Keeler's approach toward women in the office as a "boy's club."

34.

On or about January 29, 2024, without prior notice, Defendant Waage changed Ms. Quillin's annual compensation plan. In a meeting where Ms. Quillin met with Defendant Waage, he explained that Ms. Quillin's base salary would stay the same, but would be recharacterized as a "guarantee." Consistent with Mr. Waage's verbal promise, Ms. Quillin signed a 2024 KOIN/KRCW Compensation Plan (hereinafter, the "Compensation Plan"), which laid out an "Account Executive commission structure," providing for $98,140 in commissions, should Ms. Quillin continue to meet her sales goals. The Compensation Plan further provided that "[i]n addition" to the commissions she earned, Ms. Quillin would "receive a **Guarantee of $60,000 Annualized. Divided over 26 pay periods.**" *Emphasis in original.*

35.

Contrary to the Compensation Plan, in Ms. Quillin's subsequent paychecks, "guarantee" amounts she was paid were later deducted by Defendant Nexstar/KOIN from commissions she had earned. Additional unauthorized deductions were reflected in her paychecks, labeled cryptically as "draw." In subsequent weeks and months, Ms. Quillin reported these unauthorized deductions, making multiple requests for clarification as to Defendants' basis for the deductions.

Page 13 – COMPLAINT

Exhibit 1 - Notice of Removal - Page 13 of 25

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Ms. Quillin also asked Defendant Nexstar/KOIN's management for an explanation of how the commissions were being calculated and why they were listed in her paystubs in ways that she did not understand; however, no clear explanation was given, and none of the unauthorized deductions were reimbursed. On Ms. Quillin's knowledge and belief, other similarly situated employees receiving salary and/or commission compensation, who were not women, disabled, perceived as disabled, requesting medical leave and/or whistleblowers, were not targeted in this way by Defendants.

36.

On or about February 21 and 22, 2024, based on Ms. Quillin's pain flaring from her women's reproductive health condition, Ms. Quillin messaged Ms. Dougherty to inform her that Ms. Quillin was going to work from home pursuant to her doctor's work restrictions. This was the first time Ms. Quillin had asked for this accommodation since providing the note to Defendants in November 2023.

37.

On or about February 22, 2024, Defendant Waage directed Ms. Dougherty to instruct Ms. Quillin to enter sick days for February 21 and 22, 2024, even though Ms. Quillin had been working from home those days pursuant to her doctor's work restrictions.

38.

On or about February 27, 2024, Ms. Newell admitted that Ms. Newell had violated Defendant Nexstar/KOIN's own procedures in neglecting to ask Ms. Quillin to fill out a form requesting accommodation pursuant to Ms. Quillin's doctor's orders. According to Ms. Newell, this was the pretext for Defendant Nextar/KOIN requiring Ms. Quillin to use sick time for February 21 and 22, 2024, the days she worked from home pursuant to her doctor's orders. Later that day Ms. Quillin also sent Ms. Dougherty a text message protesting the discriminatory and retaliatory harassment she was receiving from Defendant Waage.

//

Page 14 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 14 of 25

39.

On or about March 7, 2024, Ms. Quillin initiated another virtual meeting with Defendant Nexstar/KOIN's then-Chief Diversity Officer and VP of HR, Courtney Williams, to report Defendant Waage's ongoing harassment and bullying and to report how he had been making unauthorized deductions from her paychecks. During the conversation Ms. Quillin also reported Defendant Waage's constant condescension, chauvinism, harassment on the basis of age, sex and disability, and his retaliation for following her doctor's work restrictions. Ms. Quillin reminded Ms. Williams that Ms. Williams had promised approximately five months prior that she would report back about Defendant Nexstar/KOIN's efforts, if any, to address Mr. Doyle's comment that Ms. Quillin was "special needs." Ms. Williams only offered vague words to the effect of, "it was handled." Ms. Quillin expressed concern that it was not handled well, reporting how Defendant Keeler had minimized the patently ableist comment as a joke when Ms. Quillin raised her concerns with him.

40.

Ms. Williams expressed some concern about the lack of support Ms. Quillin received for her request for accommodation, and that Defendant Waage should not have directed Ms. Dougherty to enter sick days into Ms. Quillin's Workday employee portal for days Ms. Quillin was working from home per her doctor's work restriction. Ms. Williams confirmed she was aware Ms. Quillin would be taking a medical leave to recover from surgery to address the women's reproductive health condition that had been causing her pain, promising to follow up on the issues raised in the call when Ms. Quillin returned to work. Ms. Williams never provided any updates, despite several attempts by Ms. Quillin in the following weeks to initiate a dialogue with Ms. Williams.

41.

In or about March 2024, Ms. Quillin received substantially less commissions in her paychecks than she had earned for her work selling Super Bowl ads. However, Defendants

Page 15 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 15 of 25

ignored her requests for an accounting.

42.

On or about March 6, 2024, at a staff meeting, Mr. Waage admitted that he had "manually" entered the unauthorized deductions from Ms. Quillin's commissions reflected on her paychecks.

43.

On or about March 15, 2024, Ms. Quillin went on protected medical leave for surgery to treat her women's reproductive health condition and related recovery.

44.

On or about April 29, 2024, Ms. Quillin returned to work and immediately began receiving disingenuous and harassing comments from Defendant Waage such as "Let's all give Cece a round of applause. She's back! Yeah, Cece! Second week back! You're killing it!" After these comments, Ms. Quillin was told by her colleagues in the office that while she was gone Defendant Waage exhibited unusual behavior. Specifically, Defendant Waage spent more time in his office away from other staff. Ms. Quillin's coworkers theorized that this was possibly due to Defendant Waage being warned about his behavior after Ms. Quillin's protected whistleblowing.

45.

On multiple occasions up until her termination, Ms. Quillin reached out to Ms. Newell and other managers, including Defendant Waage and Ms. Dougherty, complaining that the unauthorized deductions were continuing, and requesting information about Defendant Nexstar/KOIN's unilateral change to the way she was being paid. She also repeatedly brought these issues up in meetings; however, Defendants never provided the requested information.

46.

On or about May 15, 2024, Ms. Quillin emailed Courtney Williams to follow up on their March 7, 2024 meeting, but received no reply.

//

Page 16 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 16 of 25

47.

On or about May 16, 2024, Defendant Keeler and Ms. Dougherty delivered Ms. Quillin's 2023 annual review, which contained multiple defamatory mischaracterizations of her performance and behavior. Despite 2023 being Ms. Quillin's best year for bringing in sales revenue, she received the worst review of her career. Upon reading the performance review, Ms. Quillin felt Defendant Keeler, Ms. Dougherty and Defendant Waage were setting her up for termination. In the meeting where Defendants presented the review, Defendant Keeler interrupted Ms. Quillin multiple times as she challenged false information and unfair scrutiny reflected therein. Defendant Keeler attempted to flip the script, accusing Ms. Quillin of creating a hostile work environment, presumably based on her opposition to unlawful discrimination, retaliation and a hostile work environment.

48.

During the same meeting, Defendant Keeler berated Ms. Quillin, claiming there were three managers she couldn't work with, to which she countered that Defendant Waage fomented dissonance with management, including (1) in his directing Mr. Doyle to write her up for raising concerns about being forced to work with a chauvinistic competitor as described above; (2) in repeatedly falsely suggesting to Ms. Dougherty that Ms. Quillin didn't want to work with her; (3) in directing Ms. Dougherty not to honor Ms. Quillin's doctor's work restrictions; and (4) in directing Ms. Dougherty to enter sick days on Ms. Quillin's behalf and to contrive false reviews of her character and performance.

49.

During the same meeting, Ms. Quillin told Defendant Keeler she would reach out to Ms. Williams of Corporate HR again and file a grievance for his fostering, enabling and endorsing this severe and/or pervasive hostile work environment. Defendant Keeler angrily replied with words to the effect of, if she didn't like it, she should "just leave the company!" Ms. Quillin calmly responded, "I'm not going anywhere," adding, "don't you think it's odd that I never had

Page 17 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 17 of 25

any issues with management prior to Casey Waage becoming Director of Sales?"

50.

On or about May 20, 2024, Ms. Dougherty informed Ms. Quillin that Defendant Waage, not she, had written the 2023 review, although Ms. Dougherty was still Ms. Quillin's direct supervisor, and normally would have been its author. When Ms. Quillin asked Ms. Dougherty for any basis for the false claims in the review, Ms. Dougherty replied that she was not allowed to talk with Ms. Quillin about it.

51.

On or about May 20, 2024, Ms. Quillin again called Defendant Nexstar/KOIN's then-Chief Diversity Officer and VP of HR, Courtney Williams, leaving a voicemail requesting a call to report Ms. Quillin's concerns and hear back about Defendants' investigation into Ms. Quillin's reports of unlawful employment practices, as Ms. Williams had promised earlier. Ms. Quillin never heard back from Ms. Williams or anyone else at Defendants Nexstar/KOIN's HR department.

52.

On or about May 21, 2024, Defendant Keeler and Ms. Newell called Ms. Quillin into a conference room, informing her that "[t]oday will be your last day." When Ms. Quillin asked them why she was being terminated, they responded only, "that's all we're saying."

53.

At the time of her termination, Ms. Quillin was owed salary (or "guarantee") and commissions she had earned, and amounts Defendants deducted from her paychecks without her authorization, in an amount estimated to total of $22,772. Ms. Quillin reserves the right to update this amount as permitted by discovery in this matter. As of the time of filing of this lawsuit, Defendant has failed to pay all wages due at termination.

54.

On or about August 20, 2024, Defendant Nexstar/KOIN received a letter from Ms.

Page 18 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 18 of 25

Quillin's attorneys, pursuant to ORS 652.750, seeking a copy of her personnel record, including information necessary to evaluate her employment discrimination, retaliation, harassment and wage theft case. In retaliation for Ms. Quillin's protected whistleblowing, Defendants have failed to provide documents necessary to calculate the amount of wages she was due at termination, or otherwise evaluate this claim.

55.

As a direct and proximate result of Defendants' actions, Ms. Quillin has suffered wage loss, loss of employment benefits, emotional distress, humiliation, damage to her reputation, and other compensatory damages in an amount to be determined at trial.

56.

Defendants have acted with malice and/or have shown a reckless and outrageous indifference to a highly unreasonable risk of harm and have acted with a conscious indifference to the health, safety and welfare of Ms. Quillin.  Ms. Quillin reserves the right to seek an award of punitive damages pursuant to ORS §§ 31.725 and 31.730.

57.

Ms. Quillin is entitled to a declaration that Defendants violated her rights under ORS 659A.030(1)(a),(b), (f) & (g); ORS 659A.112; ORS 659A.118; ORS 659A.183; and ORS 659A.199; and an order requiring Defendant to take appropriate steps to make her whole; and/or other common law remedies as appropriate.

58.

Ms. Quillin has hired legal counsel to bring these claims and is entitled to an award of costs and reasonable attorney fees.

59.

On August 16, 2024, Ms. Quillin filed a complaint with the Oregon Bureau of Labor and Industries (BOLI) preserving the employment discrimination, retaliation, failure to accommodate a disability and hostile work environment claims articulated herein.

Page 19 – COMPLAINT

Exhibit 1 - Notice of Removal - Page 19 of 25

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

60.

On July 7, 2025, BOLI dismissed Ms. Quillin's complaint with the agency, giving its lack of resources as the reason for dismissal, leaving 90 days for her to file this lawsuit. She has met this deadline.

**FIRST CLAIM FOR RELIEF**

**Discrimination Based on Sex – ORS 659A.030(1)(a) and/or (b)**

61.

Ms. Quillin incorporates the foregoing allegations as if fully set forth herein.

62.

Defendants barred or discharged Ms. Quillin from employment, and/or discriminated by engaging in disparate treatment against Ms. Quillin in compensation or in terms, conditions or privileges of employment, and/or subjected Ms. Quillin to a hostile work environment because of Ms. Quillin's sex in violation of ORS 659A.030(1)(a) & (b).

**SECOND CLAIM FOR RELIEF**

**Hostile Work Environment Based on Sex – ORS 659A.030(1)(b)**

63.

Ms. Quillin incorporates the foregoing allegations as if fully set forth herein.

64.

Defendants discriminated against Ms. Quillin by creating a severe and pervasive hostile work environment because of Ms. Quillin's sex in violation of ORS 659A.030(1)(b).

**THIRD CLAIM FOR RELIEF**

**Hostile Work Environment Based on Age – ORS 659A.030(1)(b)**

65.

Ms. Quillin incorporates the foregoing allegations as if fully set forth herein.

66.

Defendants discriminated against Ms. Quillin by creating a severe and pervasive hostile

Page 20 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 20 of 25

work environment because of Ms. Quillin's age in violation of ORS 659A.030(1)(b).

## FOURTH CLAIM FOR RELIEF

### Whistleblower Discrimination – ORS 659A.030(1)(f)

67.

Ms. Quillin incorporates the foregoing allegations as if fully set forth herein.

68.

Defendants discharged, expelled and/or otherwise discriminated against Ms. Quillin because Ms. Quillin opposed unlawful practices under ORS Chapter 659A, or has attempted to do so, in violation of ORS 659A.030(1)(f).

## FIFTH CLAIM FOR RELIEF

### Unpaid Wages Due Upon Termination, Statutory Penalties – ORS 652.140 & 150

69.

Ms. Quillin incorporates the foregoing allegations as if fully set forth herein.

70.

Pursuant to ORS 652.140, Defendant Nexstar/KOIN was required to pay Ms. Quillin all wages earned and unpaid by the statutory deadline upon termination of her employment but willfully failed to do so. These wages are still due and owing, such that Defendant Nexstar/KOIN must pay Ms. Quillin all wages due upon termination. Further, based on this violation, Defendant Nexstar/KOIN owes Ms. Quillin an additional 30 days' pay as a penalty under ORS 652.150.

## SIXTH CLAIM FOR RELIEF

### Family Leave Discrimination – ORS 659A.183(2)

71.

Ms. Quillin incorporates the foregoing allegations as if fully set forth herein.

72.

Defendants discriminated against Ms. Quillin in violation of ORS 659A.183(2), with

Page 21 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 21 of 25

respect to tenure and/or other terms or conditions of employment, because Ms. Quillin inquired about the provisions of ORS 659A.150 to 659A.186, submitted a request for protected family leave, took protected family leave, and/or otherwise invoked provisions of ORS 659A.150 to 659A.186.

## SEVENTH CLAIM FOR RELIEF

### Family Leave Retaliation – ORS 659A.183(2)

73.

Ms. Quillin incorporates the foregoing allegations as if fully set forth herein.

74.

Defendants retaliated against Ms. Quillin with respect to tenure and/or other terms or conditions of employment because Ms. Quillin inquired about the provisions of ORS 659A.150 to 659A.186, submitted a request for protected family leave, took protected family leave, and/or otherwise invoked provisions of ORS 659A.150 to 659A.186, in violation of ORS 659A.183(2).

## EIGHTH CLAIM FOR RELIEF

### Whistleblower Discrimination – ORS 659A.199

75.

Ms. Quillin incorporates the foregoing allegations as if fully set forth herein.

76.

Defendants discharged, suspended and/or otherwise discriminated against Ms. Quillin in violation of ORS 659A.199, with regard to the terms, conditions or privileges of her employment because Ms. Quillin in good faith reported information that she believed to be evidence of a violation of a state or federal law, rule or regulation.

## NINTH CLAIM FOR RELIEF

### Whistleblower Retaliation – ORS 659A.199

77.

Ms. Quillin incorporates the foregoing allegations as if fully set forth herein.

Page 22 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 22 of 25

78.

Defendants discharged, suspended and/or otherwise retaliated against Ms. Quillin with regard to the terms, conditions or privileges of her employment because Ms. Quillin in good faith reported information that she believed to be evidence of a violation of a state or federal law, rule or regulation in violation of ORS 659A.199.

**TENTH CLAIM FOR RELIEF**

**Disability/Perceived Disability Discrimination – ORS 659A.112**

79.

Ms. Quillin incorporates the foregoing allegations as if fully set forth herein.

80.

At all material times after the diagnosis of her painful women's reproductive health condition, Ms. Quillin had a disability as defined by ORS 659A.104. Despite her disability, Ms. Quillin could perform the essential functions of her job with accommodation.

81.

Defendants knew about Ms. Quillin's disability, and/or perceived Ms. Quillin to be disabled and were substantially motivated by their animus toward Ms. Quillin as a disabled person when they engaged in the discriminatory, retaliatory and hostile adverse employment actions described above in violation of ORS 659A.112.

**ELEVENTH CLAIM FOR RELIEF**

**Disability/Perceived Disability Retaliation - ORS 659A.109 & 118**

82.

Ms. Quillin incorporates the foregoing allegations as if fully set forth herein.

83.

Defendants engaged in an unlawful employment practice in violation of ORS 659A.109 & 118 by failing to make reasonable accommodation for Ms. Quillin's known physical limitations; and by retaliating against her for invoking the procedures in ORS 659A.103 to ORS 659A.145,

Page 23 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 23 of 25

including requesting a reasonable disability accommodation.

## TWELFTH CLAIM FOR RELIEF

### Disability/Perceived Disability Discrimination – ORS 659A.112 and/or 118

84.

Ms. Quillin incorporates the foregoing allegations as if fully set forth herein.

85.

Defendants engaged in an unlawful employment practice by discriminating in compensation, terms, conditions or privileges of employment, and by discharging Ms. Quillin based on her known physical limitations in violation of ORS 659A.112 and/or 118.

## THIRTEENTH CLAIM FOR RELIEF

### Aiding and Abetting Discrimination / Retaliation – ORS 659A.030(1)(g)

86.

Ms. Quillin incorporates the foregoing allegations as if fully set forth herein.

87.

Defendants violated ORS 659A.030(1)(g) by aiding, abetting, inciting, compelling and/or coercing discrimination and retaliation against Ms. Quillin, as set forth above.

//
//
//
//
//
//
//
//
//
//

Page 24 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 24 of 25

## PRAYER FOR RELIEF

WHEREFORE, Ms. Quillin prays for a judgement against Defendants as follows:

1. Wage loss, lost benefits, and other economic harms from the time of Ms. Quillin's termination to trial, not to exceed $440,625, in a reasonable amount to be decided by the jury;

2. Compensatory damages, not to exceed $50,000,000, for non-economic harms related to Defendants' violations of law, in a reasonable amount to be decided by the jury;

3. Wages in the form of salary and/or commissions due at the time of Ms. Quillin's termination in an amount estimated to total $22,772;

4. A statutory penalty in the amount of approximately $18,000 for failure to pay all wages due on termination pursuant to ORS 652.140 & 150;

5. Ms. Quillin reserves the right to seek punitive damages pursuant to ORS 31.725 and 31.730;

6. Reasonable costs, and attorney's fees in an amount to be decided by the Court after trial; and

7. Any other relief as this Court deems just and equitable under the circumstances.

DATED this 1st day of October 2025.

LEWALLEN LAW, LLC

s/Shanti Lewallen
Shanti Lewallen, OSB No. 143740
shantilewallen@gmail.com

*Of Attorneys for Plaintiff*

Page 25 – COMPLAINT

Lewallen Law, LLC
735 SW First Ave., Suite 300
Portland, OR 97204
Tel.: 503-997-5447
Fax: 844-364-5438

Exhibit 1 - Notice of Removal - Page 25 of 25