James M. Barrett, OSB Bar No. 011991
james.barrett@ogletree.com
Heather M. Fossity, OSB Bar No. 170997
heather.fossity@ogletree.com
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500
Portland, OR  97201
Telephone:    503-552-2140
Fax:              503-224-4518

Attorneys for Defendants
NEXSTAR MEDIA INC., f/k/a
NEXSTAR BROADCASTING, INC.;
THOMAS KEELER; and CASEY WAAGE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CECELIA QUILLIN, an individual<br><br>Plaintiff,<br><br>v.<br><br>KOIN-TV, INC., a Delaware corporation; NEXSTAR BROADCASTING, INC., a Delaware corporation; THOMAS KEELER, an individual; and CASEY WAAGE, an individual<br><br>Defendants. | Case No. 3:25-cv-01810-JR<br><br>**DEFENDANT NEXSTAR'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Nexstar Media Inc., f/k/a Nexstar Broadcasting, Inc. ("Nexstar" or "Defendant"), by and through its undersigned counsel, submits the following Answer and Defenses to the Complaint filed by Plaintiff Cecelia Quillin ("Plaintiff"):

**INTRODUCTION**

1.

Denied.

1 – DEFENDANT NEXSTAR'S ANSWER
    AND DEFENSES

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

**JURISDICTION AND VENUE**

2.

Nexstar admits that it operates a television broadcasting station with the call sign KOIN licensed by the Federal Communications Commission; that the broadcasting station has an affiliate relationship with CBS; and that it operates a studio in Portland, Oregon. Except as admitted, Nexstar denies Paragraph 2.

3.

Nexstar admits that Thomas Keeler (hereafter "Keeler") resides in Clackamas County and that Casey Waage (hereafter "Waage") resides in Multnomah County.  The remainder of Paragraph 3 is a statement of Plaintiff's legal position to which no response is required.

**FACTUAL ALLEGATIONS**

4.

Denied.

5.

Nexstar admits that Plaintiff relocated to Portland, Oregon in or around May 2019 after accepting an offer of employment with Nexstar at $60,000 per year, plus benefits that included eligibility to participate in medical, dental and life insurance plans, a 401(k) plan, and incentive compensation programs.  Except as admitted, Nexstar denies Paragraph 5.

6.

Nexstar admits that Plaintiff received performance reviews during her employment with Nexstar, as well as increased annual compensation adjustments over the years that reached nearly $150,000.00 in reported W-2 wages in 2023.  Except as admitted, Nexstar denies Paragraph 6, including Plaintiff's characterization of her performance reviews, the contents of which speak for themselves.

7.

Nexstar admits that on or about October 2022, at a social gathering of Nexstar employees off work premises, Jim Doyle ("Doyle"), who Plaintiff reported to at the time, jokingly referred to

2 –   DEFENDANT NEXSTAR'S
ANSWER AND DEFENSES

Plaintiff as his "special needs employee" when she approached Doyle. On information and belief, Nexstar admits that at least one other employee was in the vicinity when Doyle made the comment. Nexstar further admits that, at some point thereafter, Plaintiff shared with Doyle that the comment had hurt her feelings or words to that effect and that Doyle apologized. Except as admitted, Nexstar denies Paragraph 7 and specifically denies that Plaintiff raised concerns with Doyle that she felt his comment was discriminatory; that she felt he had targeted her on the basis of gender or disability; that Doyle warned Plaintiff that he would retaliate against her for any reason; or that Plaintiff's characterizations of the conversations are complete and accurate.

8.

Nexstar admits that, in or around December 2022, Waage was promoted from a Nexstar Local Sales Manager to Director of Sales and that Keeler approved the promotion. Nexstar lacks information sufficient to form a belief about the truth of Plaintiff's allegations regarding her and others' reactions to Waage's promotion. Except as admitted, Nexstar denies Paragraph 8.

9.

Nexstar admits that, following the COVID-19 pandemic, when Plaintiff came to the office, she used a desk location that was separated from other employees. Nexstar further admits that, at some point in time, Waage had a conversation with Plaintiff about using a desk location closer to other employees. Nexstar admits that, at times, Plaintiff wore a mask in the workplace; and that, in and around April 2023, Plaintiff contacted Nexstar Business Administrator Lisa Newell ("Newell") to request that she be allowed to remain at a desk in a private area, raising concerns about COVID-19 and germs. Nexstar admits that Newell provided Plaintiff with accommodation request forms but denies that Newell required Plaintiff to complete those forms. Nexstar admits that, in response to Plaintiff's concerns, she was not required to change her desk location. Except as admitted, Nexstar denies Paragraph 9 and specifically denies that Plaintiff's characterizations of the conversations are complete and accurate.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

10.

Nexstar admits that, in March 2023, Local Sales Manager Kathie Dougherty ("Dougherty") became Plaintiff's direct supervisor; that Waage approved of the change; and that Plaintiff's input on the change was not solicited.  Except as admitted, Nexstar denies Paragraph 10.

11.

Denied.

12.

Nexstar admits that, on or about March 15, 2023, Plaintiff visited Newell's office to complain about having to report to Dougherty instead of Doyle and about the fact that Waage announced the change in a sales meeting instead of privately.  Nexstar further admits that Plaintiff also raised concerns about how Plaintiff perceived Waage's communication style.  Except as admitted, Nexstar denies Paragraph 12 and specifically denies that Plaintiff's characterization of the conversation is complete and accurate.

13.

Nexstar admits that, in or around April 2023, Doyle and Dougherty met with Plaintiff to deliver her 2022 Employee Performance Evaluation.  Except as admitted, Nexstar denies Paragraph 13.

14.

Nexstar admits that, after receiving her 2022 Employee Performance Evaluation, Plaintiff sent emails to Nexstar employees, including Doyle, Dougherty, Newell, and Waage, in which she challenged comments in her evaluation and demanded that Doyle provide examples of some of the behaviors he had documented.  Nexstar admits that Doyle did not "correct" Plaintiff's 2022 Employee Performance Evaluation but denies that the evaluation required correction.  Except as admitted, Nexstar denies Paragraph 14.

15.

Denied.

16.

Nexstar admits that, in 2023, one of Plaintiff's accounts expressed interest in using another vendor/agency instead of renewing with Nexstar. Nexstar further admits that, upon learning about the threat of losing business from this account, Plaintiff raised concerns with, and provided information to, Doyle and others about the reputation and business integrity of the competing vendor/agency. These concerns were summarized in emails, the contents of which speak for themselves, and Nexstar denies that Plaintiff's characterization of the summaries is complete and accurate. Except as admitted, Nexstar denies Paragraph 16.

17.

Nexstar admits that, on or about July 19, 2023, Doyle joined Plaintiff on a call to the owner of a Nexstar account assigned to Plaintiff and suggested to him that, rather than take all of the account's advertising business from Nexstar to a competitor, he try out the competitor only with respect to advertising on social media. Nexstar further admits that, immediately after the call, Plaintiff barged into Doyle's office and engaged in a highly unprofessional and aggressive verbal outburst towards Doyle. Except as admitted, Nexstar denies Paragraph 17 and specifically denies that Plaintiff's characterization of the conversation is complete and accurate.

18.

Nexstar admits that, on July 25, 2023, Plaintiff participated in a meeting with Waage, Doyle, and Dougherty in which Waage informed Plaintiff that she would be formally disciplined for her unprofessional and aggressive verbal outburst towards Doyle the previous week and other unacceptable behaviors leading up to that outburst. Nexstar admits that Plaintiff defended her conduct rather than take responsibility for it. Nexstar further admits that Waage emphasized that Dougherty, not Doyle, was Plaintiff's supervisor and that Plaintiff needed to fully transition from Doyle to Dougherty with respect to all matters. Except as admitted, Nexstar denies Paragraph 18 and specifically denies that Plaintiff's characterization of the conversation is complete and accurate.

5 – DEFENDANT NEXSTAR'S
ANSWER AND DEFENSES

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

19.

Nexstar admits that, following the July 25, 2023 meeting with Dougherty, Doyle, and Waage, Dougherty directed Plaintiff to work from home the rest of the day and told Plaintiff that she would have further conversations with Newell. Nexstar further admits that Plaintiff later received a Written Counseling Form in connection with her behaviors (hereafter the "July 2023 Counseling") and that the July 2023 Counseling was placed in her personnel records and not removed. Except as admitted, Nexstar denies Paragraph 19 and specifically denies that Plaintiff's characterization of the conversation is complete and accurate.

20.

Nexstar admits that, on July 26, 2023, Plaintiff sent an email to Newell, Keeler, Doyle, Waage, and Dougherty concerning the account that led to her unprofessional and aggressive verbal outburst towards Doyle on July 19, 2023. The content of this email speaks for itself, and Nexstar denies that Plaintiff's characterization of it is complete and accurate. Except as admitted, Nexstar denies Paragraph 20.

21.

Nexstar admits that, on July 27, 2023, Plaintiff submitted to Newell "formal work grievances" against Doyle and Waage. The content of this document speaks for itself, and Nexstar denies that Plaintiff's characterization of it is complete and accurate. Nexstar further admits that Newell informed Plaintiff that her concerns would be investigated. Nexstar admits that, also on July 27, 2023, Dougherty and Newell met with Plaintiff for the purpose of presenting her with the July 2023 Counseling. Except as admitted, Nexstar denies Paragraph 21, and specifically denies that Plaintiff was never informed of any findings from the investigation into her formal work grievances.

22.

Nexstar admits that, after Dougherty and Newell presented the July 2023 Counseling to Plaintiff, Dougherty asked Plaintiff to leave the meeting. The content of the July 2023 Counseling speaks for itself, and Nexstar denies that Plaintiff's characterization of it is complete and accurate.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

On information and belief, Nexstar admits that Dougherty and Plaintiff spoke on the phone following the meeting, but denies that Dougherty told Plaintiff that any of the write-up was false or that she did not want her name on it or to be associated with it, and specifically denies that Plaintiff's characterization of the conversation is complete and accurate. Except as admitted, Nexstar denies Paragraph 22.

23.

Nexstar admits that, on July 27, 2023, Plaintiff emailed Newell to report that Plaintiff had discovered copies of the July 2023 Counseling on a printer tray and further admits that Newell immediately apologized to Plaintiff as having made a mistake. Except as admitted, Nexstar denies Paragraph 23, and specifically denies that Plaintiff's characterization of the conversation is complete and accurate.

24.

Nexstar admits that, on or about July 27, 2023, Plaintiff interrogated Dougherty regarding the contents of the July 2023 Counseling. Except as admitted, Nexstar denies Paragraph 24, denies that Plaintiff's characterization of the conversation is complete and accurate, and specifically denies that the basis of the July 2023 Counseling was Plaintiff's disrespectful conduct towards Dougherty.

25.

Nexstar admits that, on or about August 1, 2023, Dougherty met with Plaintiff and told her that, among other things, she was not a witness to Plaintiff's interactions with Doyle that were the basis of the July 2023 Counseling. Nexstar lacks information sufficient to form a belief about the truth of Plaintiff's allegations regarding what impressions unidentified colleagues shared with her at any time. Except as admitted, Nexstar denies Paragraph 25, and specifically denies that Plaintiff's characterization of the conversation is complete and accurate.

26.

Nexstar admits that, on August 4, 2023, Plaintiff sent an email attaching a "rebuttal" to the July 2023 Counseling to Keeler, Newell, and Regional Human Resources Manager Jasmine

7 –   DEFENDANT NEXSTAR'S
      ANSWER AND DEFENSES

Menechyan ("Menechyan"). The content of the rebuttal speaks for itself, and Nexstar denies that Plaintiff's characterization of it is complete and accurate. Except as admitted, Nexstar denies Paragraph 26.

27.

Nexstar admits that, on August 16, 2023, Keeler wrote Plaintiff an email closing out the investigation of her formal workplace grievances and that this email prompted an exchange that, on August 28, 2023, culminated in Plaintiff exercising her right under Nexstar's Grievance Procedure to appeal the matter to the Vice President of Human Resources. The content of the email exchange speaks for itself, and Nexstar denies that Plaintiff's characterization of it is complete and accurate. Except as admitted, Nexstar denies Paragraph 27.

28.

Nexstar admits that, following her rebuttal, Plaintiff's July 2023 Counseling was revised to clarify that, among other things, Plaintiff was directed to work with Doyle on the account that had threatened not to renew its business with Nexstar. Nexstar admits that Keeler provided the revised July 2023 Counseling to Plaintiff no later than September 5, 2025. Except as admitted, Nexstar denies Paragraph 28.

29.

Nexstar admits that, on September 7, 2023, pursuant to Nexstar's Greivance Procedure, Plaintiff emailed Nexstar's Chief Diversity Officer and Vice President of HR Courtney Williams ("Williams") to appeal the outcome of the investigation of her workplace grievances against Doyle and Waage. The content of the email speaks for itself, and Nexstar denies that Plaintiff's characterization of it is complete and accurate. Except as admitted, Nexstar denies Paragraph 29.

30.

Nexstar admits that, on or about October 5, 2023, Plaintiff spoke with Williams, complained about Waage and Keeler, and made demands. Nexstar admits that Williams explained to Plaintiff that Nexstar takes claims of harassment seriously and that she would get back to

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

Plaintiff.  Except as admitted, Nexstar denies Paragraph 30, and specifically denies that Plaintiff's characterization of the conversation is complete and accurate.

31.

Nexstar admits that, in a conversation with Williams on or about October 5, 2023, Williams explained to Plaintiff that there would be no further changes to the July 2023 Counseling.  Nexstar lacks information sufficient to form a belief about the truth of Plaintiff's allegation that she raised Doyle's "special needs" comment with Williams in that conversation.  Except as admitted, Nexstar denies Paragraph 31, and specifically denies that Plaintiff's characterization of the conversation is complete and accurate.

32.

Nexstar admits that, on or about November 29, 2023, Plaintiff provided Newell a letter from a healthcare provider, the content of which speaks for itself.  Nexstar lacks information sufficient to form a belief as to the truth of Plaintiff's allegations regarding her medical condition or its effect on her.  Except as admitted, Nexstar denies Paragraph 32.

33.

Nexstar admits that, in or around December 2023, Waage and Dougherty had a conversation with Plaintiff regarding her use of sick time during a period when she was going home to Michigan for the holidays.  Except as admitted, Nexstar denies Paragraph 33, and specifically denies that Plaintiff's characterization of the conversation is complete and accurate.

34.

Nexstar admits that, on January 29, 2024, Plaintiff signed the 2024 KOIN/KRCW Compensation Plan for Account Executives (the "2024 Comp Plan").  The content of the 2024 Comp Plan speaks for itself, and Nexstar denies that Plaintiff's characterization of it is complete and accurate.  Except as admitted, Nexstar denies Paragraph 34.

35.

Nexstar admits that, following the implementation of the 2024 Comp Plan, Plaintiff questioned the way in which commissions were calculated.  Except as admitted, Nexstar denies

9 –   DEFENDANT NEXSTAR'S
      ANSWER AND DEFENSES

Paragraph 35 and specifically denies that Plaintiff's compensation was subjected to unauthorized deductions.

36.

Nexstar admits that, on or about February 21, 2024, Plaintiff informed Dougherty that she would be working from home. Nexstar further admits that, on or about February 22, 2024, Plaintiff requested an accommodation to work from home due to a health condition and that she had not previously made a formal request for this accommodation since providing Newell with a letter from her healthcare provider in November 2023. Nexstar lacks information sufficient to form a belief as to the truth of Plaintiff's allegations regarding her medical condition or its effect on her. Except as admitted, Nexstar denies Paragraph 36.

37.

Nexstar admits that, because it does not have a work-from-home policy, Plaintiff was initially required to use available sick time on February 21 and 22, 2024, but that this requirement was subsequently canceled; that Plaintiff's use of sick time was entered in Nexstar's Workday system by Dougherty; and that direction on how to address Plaintiff's use of sick time was provided by Newell. Nexstar lacks information sufficient to form a belief as to the truth of Plaintiff's allegations regarding her medical condition or its effect on her. Except as admitted, Nexstar denies Paragraph 37.

38.

Nexstar admits that on February 22, 2024, in response to Plaintiff's questions about why she was being asked to complete accommodation request forms, Newell explained that she should have provided Plaintiff with accommodation request forms to Plaintiff in November 2023 pursuant to Nexstar procedure. Nexstar further admits that Plaintiff's use of sick days on February 21 and 22, 2024, was canceled. Nexstar lacks information sufficient to form a belief as to the truth of Plaintiff's allegation regarding a text message to Dougherty. Except as admitted, Nexstar denies Paragraph 38, and specifically denies that Plaintiff's characterization of the conversation is complete and accurate.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

39.

Nexstar admits that, on or about March 7, 2024, Williams spoke with Plaintiff. Nexstar lacks information sufficient to form a belief as to the truth of Plaintiff's allegations regarding the specifics of all issues raised by Plaintiff but admits that Plaintiff generally complained about Waage and her compensation. Except as admitted, Nexstar denies Paragraph 39, and specifically denies that Plaintiff's characterization of the conversation is complete and accurate.

40.

Nexstar admits that, at some point, Williams became aware that Plaintiff was going out on an approved medical leave. Nexstar lacks information sufficient to form a belief as to the truth of Plaintiff's allegations regarding her medical condition or its effect on her. Except as admitted, Nexstar denies Paragraph 40.

41.

Nexstar admits that, on or about March 14, 2024, Plaintiff requested an explanation of her paycheck. Except as admitted, Nexstar denies Paragraph 41 and specifically denies that Plaintiff's request for an explanation was ignored.

42.

Nexstar admits that, on March 6, 2024, Plaintiff met with Waage and others and that, during this meeting, Waage addressed Plaintiff's concerns regarding a commission calculation, among other issues. Except as admitted, Nexstar denies Paragraph 42.

43.

Nexstar admits that, on March 15, 2024, Plaintiff went out on an approved medical leave. Nexstar lacks information sufficient to form a belief as to the truth of Plaintiff's allegations regarding her medical condition or its effect on her. Except as admitted, Nexstar denies Paragraph 43.

44.

Nexstar admits that Plaintiff returned to work from her approved medical leave on or about April 29, 2024. Nexstar admits that, at times, Waage made encouraging and congratulatory

11 – DEFENDANT NEXSTAR'S
ANSWER AND DEFENSES

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

comments to Plaintiff and denies that those comments were intended to be disingenuous or harassing. Nexstar lacks information sufficient to form a belief as to the truth of Plaintiff's allegations regarding what unnamed colleagues told her regarding Waage. Except as admitted, Nexstar denies Paragraph 44.

45.

Nexstar admits that, in 2024, Plaintiff requested that Ms. Newell and others provide explanations regarding her compensation. Except as admitted, Nexstar denies Paragraph 45.

46.

Nexstar admits that, on May 15, 2024, Plaintiff emailed Williams to request a follow-up conversation with her. Nexstar lacks information sufficient to form a belief as to the truth of Plaintiff's allegation that she received no reply. Except as admitted, Nexstar denies Paragraph 46.

47.

Nexstar admits that, on May 16, 2024, Keeler and Dougherty met with Plaintiff to deliver her 2023 Employee Performance Evaluation, the content of which speaks for itself. Except as admitted, Nexstar denies Paragraph 47 and specifically denies that the 2023 Employee Performance Evaluation included mischaracterizations. Nexstar affirmatively alleges that Plaintiff exhibited unprofessional, hostile, combative, and abusive conduct throughout the meeting. Except as admitted, Nexstar denies Paragraph 47.

48.

Nexstar admits that, during a May 16, 2024 meeting with Keeler and Dougherty that was scheduled for the purpose of delivering Plaintiff's 2023 Employee Performance Evaluation, Plaintiff criticized and made accusations against Dougherty, which criticisms and accusations prompted Keeler to defend Dougherty by pointing out to Plaintiff that there were other managers Plaintiff could not work with, or words to that effect. Nexstar affirmatively alleges that Plaintiff exhibited unprofessional, hostile, combative, and abusive conduct throughout the meeting. Except as admitted, Nexstar denies Paragraph 48, and specifically denies that Plaintiff's characterization of the conversation is complete and accurate.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

49.

Nexstar admits that, during a May 16, 2024 meeting with Keeler and Dougherty that was scheduled for the purpose of delivering Plaintiff's 2023 Employee Performance Evaluation, Plaintiff's hostility prompted Keeler to ask Plaintiff why, if she was so unhappy, she "fire" the company, or words to that effect. Nexstar denies that Keeler posed this question to Plaintiff "angrily." Nexstar admits that, in response to Keeler's question, Plaintiff stated, in an oddly sinister way, that she loved it at Nexstar and would not be going anywhere. Nexstar further admits that Plaintiff indicated that she was going to contact Human Resources. Nexstar affirmatively alleges that Plaintiff exhibited unprofessional, hostile, combative, and abusive conduct throughout the meeting. Except as admitted, Nexstar denies Paragraph 49, and specifically denies that Plaintiff's characterization of the conversation is complete and accurate.

50.

Nexstar admits that, in response to Plaintiff's questions about the 2023 Employee Performance Review, Dougherty told Plaintiff that she was not going to discuss it with her. Except as admitted, Nexstar denies Paragraph 50, denies that Plaintiff's characterization of the conversation is complete and accurate, and specifically denies that Waage wrote the 2023 Employee Performance Review.

51.

Nexstar lacks information sufficient to form a belief as to the truth of Paragraph 51 and on that basis denies it.

52.

Nexstar admits that, on May 21, 2024, Keeler and Newell met with Plaintiff to communicate to her that it would be her last day at Nexstar. Except as admitted, Nexstar denies Paragraph 52, and specifically denies that Plaintiff's characterization of the conversation is complete and accurate.

53.

Denied.

54.

Denied.

55.

Denied.

56.

Denied.

57.

Denied.

58.

Nexstar admits that Plaintiff has hired legal counsel to represent her.  Except as admitted, Nexstar denies Paragraph 58.

59.

Nexstar admits that, in August 2024, Plaintiff filed a complaint with the Oregon Bureau of Labor and Industries ("BOLI").  Except as admitted, Nexstar denies Paragraph 59.

60.

Nexstar admits that, on July 7, 2024, BOLI issued a letter stating that it had closed its investigation of Plaintiff's complaint and that the letter speaks for itself.  Except as admitted, Nexstar denies Paragraph 60.

## FIRST CLAIM FOR RELIEF
### Discrimination Based on Sex – ORS 659A.030(1)(a) and/or (b)

61.

Answering Paragraph 61 of the Complaint, Nexstar reasserts its responses to the preceding paragraphs.

62.

Denied.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

## SECOND CLAIM FOR RELIEF
### Hostile Work Environment Based on Sex – ORS 659A.030(1)(b)

63.

Answering Paragraph 63 of the Complaint, Nexstar reasserts its responses to the preceding paragraphs.

64.

Denied.

## THIRD CLAIM FOR RELIEF
### Hostile Work Environment Based on Age – ORS 659A.030(1)(b)

65.

Answering Paragraph 65 of the Complaint, Nexstar reasserts its responses to the preceding paragraphs.

66.

Denied.

## FOURTH CLAIM FOR RELIEF
### Whistleblower Discrimination – ORS 659A.030(1)(f)

67.

Answering Paragraph 67 of the Complaint, Nexstar reasserts its responses to the preceding paragraphs.

68.

Denied.

## FIFTH CLAIM FOR RELIEF
### Unpaid Wages Due Upon Termination, Statutory Penalties – ORS 652.140 & 150

69.

Answering Paragraph 69 of the Complaint, Nexstar reasserts its responses to the preceding paragraphs.

70.

Denied.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

## SIXTH CLAIM FOR RELIEF
### Family Leave Discrimination – ORS 659A.183(2)

71.

Answering Paragraph 71 of the Complaint, Nexstar reasserts its responses to the preceding paragraphs.

72.

Denied.

## SEVENTH CLAIM FOR RELIEF
### Family Leave Retaliation – ORS 659A.183(2)

73.

Answering Paragraph 73 of the Complaint, Nexstar reasserts its responses to the preceding paragraphs.

74.

Denied.

## EIGHTH CLAIM FOR RELIEF
### Whistleblower Discrimination – ORS 659A.199

75.

Answering Paragraph 75 of the Complaint, Nexstar reasserts its responses to the preceding paragraphs.

76.

Denied.

## NINTH CLAIM FOR RELIEF
### Whistleblower Retaliation – ORS 659A.199

77.

Answering Paragraph 77 of the Complaint, Nexstar reasserts its responses to the preceding paragraphs.

78.

Denied.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

## TENTH CLAIM FOR RELIEF
### Disability/Perceived Disability Discrimination – ORS 659A.112

79.

Answering Paragraph 79 of the Complaint, Nexstar reasserts its responses to the preceding paragraphs.

80.

Paragraph 80 is a statement of Plaintiff's legal position to which no response is required. To the extent a response is required, Nexstar denies Paragraph 80.

81.

Denied.

## ELEVENTH CLAIM FOR RELIEF
### Disability/Perceived Disability Retaliation - ORS 659A.109 & 118

82.

Answering Paragraph 82 of the Complaint, Nexstar reasserts its responses to the preceding paragraphs.

83.

Denied.

## TWELFTH CLAIM FOR RELIEF
### Disability/Perceived Disability Discrimination – ORS 659A.112 and/or 118

84.

Answering Paragraph 84 of the Complaint, Nexstar reasserts its responses to the preceding paragraphs.

85.

Denied.

86.

Answering Paragraph 86 of the Complaint, Nexstar reasserts its responses to the preceding paragraphs.

17 – DEFENDANT NEXSTAR'S ANSWER AND DEFENSES

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

87.

Denied.

## DEFENSES

Having fully answered Plaintiff's Complaint, Nexstar asserts the following defenses without undertaking any burden of proof or persuasion which would otherwise be the Plaintiff's burden. Nexstar reserves the right to amend and/or to assert additional defenses as may become known to it during the course of discovery.

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE
### (Duplicative Claims)

One or more of Plaintiff's claims are barred as arising from the same alleged misconduct and therefore duplicative.

### THIRD DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations periods in ORS 659A.885.

### FOURTH DEFENSE
### (Legitimate Reason)

All decisions regarding Plaintiff's employment were made in good faith and for lawful, non-discriminatory, non-retaliatory reasons unrelated to any alleged protected status or activity.

### FIFTH DEFENSE
### (Failure to Exhaust Grievance Procedure)

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust Nexstar's Grievance Procedure in its Employee Guidebook.

18 – DEFENDANT NEXSTAR'S
ANSWER AND DEFENSES

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

## SIXTH DEFENSE
### (Failure to Use Remedial Procedure)

Nexstar had in place a clear and well-disseminated policy prohibiting discrimination, harassment, and retaliation and a reasonable and available procedure for handling complaints that provided for prompt and effective responsive action, including a Whistleblower Program. Plaintiff's claims are barred, in whole or in part, by her unreasonable failure to use the preventative or corrective opportunities provided by Nexstar.

## SEVENTH DEFENSE
### (Prompt Remedial Action)

To the extent Plaintiff complained adequately of allegedly unlawful conduct, Nexstar undertook a prompt investigation and made an appropriate remedial response.

## EIGHTH DEFENSE
### (Failure to Engage in the Interactive Process)

With respect to any claimed qualifying disability, Plaintiff failed to participate in good faith in the interactive process, and any failure to accommodate was due to Plaintiff's own actions or inactions.

## NINTH DEFENSE
### (No Reasonable Accommodation Available or Required)

Due to Plaintiff's inability to meet reasonable expectations regarding conduct in the workplace, she could not or would not perform all essential job functions with or without reasonable accommodations from Nexstar.

## TENTH DEFENSE
### (Insufficient Notice)

Plaintiff failed to allege facts sufficient to permit Nexstar to discern the basis for Plaintiff's claim of unpaid wages, which claim Nexstar disputes, and to estimate an amount owed, as required by ORS 652.150.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

## ELEVENTH DEFENSE
### (Failure to Mitigate)

Plaintiff's alleged damages are barred, in whole or in part, because she has failed to take reasonable measures to mitigate those alleged damages.

## TWELFTH DEFENSE
### (Offset)

Nexstar is entitled to an offset against Plaintiff's alleged damages, if any, for any earnings since Plaintiff's discharge and/or any amounts paid to Plaintiff as a wage replacement benefit.

## THIRTEENTH DEFENSE
### (Inability to/Unavailability for Work)

Plaintiff is not entitled to back pay or related damages for the period she was unavailable to perform work or voluntarily chose to leave the workforce.

## FOURTEENTH DEFENSE
### (Preexisting Physical and/or Mental Health Condition)

Plaintiff's preexisting emotional, psychological, and/or physical conditions prior to the alleged unlawful acts about which Plaintiff complaints are such that Nexstar did not proximately cause or contribute in any manner to Plaintiff's alleged injuries or damages, and Nexstar may not be held liable for them.

## FIFTEENTH DEFENSE
### (No Objectively Reasonable Basis for Claims or Damages)

Plaintiff lacks an objectively reasonable basis for asserting one or more of her claims and for asserting in terrorem damages in excess of $50 million. Nexstar is entitled to an award of its reasonable attorneys' fees and costs as prevailing parties under ORS 20.105, ORS 20.107, and/or ORS 659A.885.

## RESERVATION OF RIGHTS

Nexstar has not been afforded discovery from Plaintiff. It is not possible at this time to determine the extent to which Plaintiff's Complaint may be barred by other defenses, including those contemplated by the Federal Rules of Civil Procedure. Nexstar reserves its right to amend

this pleading to assert additional defenses that may become known to it during the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Nexstar respectfully requests that this Court:

A. Dismiss Plaintiff's Complaint in its entirety;

B. Deny each and every demand, claim, and prayer for relief contained within Plaintiff's Complaint;

C. Award Nexstar its attorney fees and costs incurred in the defense of this action; and

D. Grant such other and further relief as the Court deems just and proper.

Dated:  November 6, 2025.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:    */s/James M. Barrett*
     James M. Barrett, OSB Bar No. 011991
     James.Barrett@ogletree.com
     Heather M. Fossity, OSB Bar No. 170997
     heather.fossity@ogletree.com
     503-552-2140
      Attorneys for Defendants
      NEXSTAR MEDIA INC., f/k/a NEXSTAR BROADCASTING, INC.; THOMAS KEELER; and CASEY WAAGE

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2025, I served the foregoing DEFENDANT NEXSTAR'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT on the parties below:

Shanti S. Lewallen, OSB No. 143740
shantilewallen@gmail.com
Lee C. Dudley, OSB No. 206821
ledlex@gmail.com
LEWALLEN LAW, LLC
735 SW 1st St., Ste. 300
Portland, OR 97204
Phone: (503) 997-5447

Attorneys for Plaintiff Cecelia Quillin

■     by electronic means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐     by mailing a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐     by causing a true and correct copy to be hand-delivered to the last known address of each person listed above. It was contained in a sealed envelope and addressed as stated above.

■     by e-mailing a true and correct copy to the last known email address of each person listed above.

Dated: November 6, 2025.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Jazmin S. Roberson*
Jazmin S. Roberson
503-552-2140
jazmin.roberson@ogletree.com

Page 1    CERTIFICATE OF SERVICE