IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CECELIA QUILLIN,

        Plaintiff,

    v.

KOIN TV, INC.; NEXSTAR BROADCASTING, INC.; THOMAS KEELER; and CASE WAAGE,

        Defendants.

Case No.: 3:25-cv-01810-JR

ORDER

**Adrienne Nelson, District Judge:**

United States Magistrate Judge Jolie A. Russo issued a findings and recommendation ("F&R") in this case, ECF 30, on March 30, 2026.  Judge Russo recommended that this Court deny plaintiff Cecelia Quillin's motion for remand, ECF 11.  F&R 9.  Plaintiff timely filed objections, ECF 32, to which defendants timely responded, ECF 33.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).  For the reasons stated below, the Court ADOPTS the F&R in full.  Plaintiff's motion to remand to state court, ECF 11, is DENIED.

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  No standard of review is prescribed for portions for the report for which no objections are filed, and no review is required in the absence of objections.  *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985); *United States v. Reyna-Tapia*, 382 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  A district judge is not, however, precluded from reviewing the report sua sponte under a de novo, or any other, standard.  *Thomas*, 474 U.S. at 154; *Decker v. Berryhill*, 856 F.3d 659, 663 (9th Cir. 2017).  Courts in this District have followed the Advisory Committee's recommendation that, when no timely objection is filed, findings and recommendations be reviewed for "clear error on the face of the record."  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *see, e.g.*, *Hayden v. United States*, 147 F. Supp. 3d 1125, 1127 (D. Or. 2015) (following the recommendation

1

of the Advisory Committee and reviewing magistrate judge's findings and recommendations for "clear error on the face of the record").

On October 1, 2025, plaintiff filed this action against defendants Nexstar Broadcasting, Inc. ("Nexstar"), Thomas Keeler, Casey Waage, and KOIN-TV, Inc. ("KOIN-TV") in Multnomah County Circuit Court. *See generally* Compl., ECF 1-1. On October 3, Nexstar, "though its counsel, accepted service of the Summons and Complaint provided by Plaintiff's counsel on, respectively, October 2 and 1, 2025." Notice of Removal, ECF 1, at ¶ 2. The same day, Nexstar removed the case to federal court based on diversity jurisdiction. *Id.* ¶¶ 7-11. On October 31, plaintiff moved to remand the case back to state court, arguing that Nexstar's "attempt at snap removal" was "defective . . . because the in-state defendants [Keeler, Waage, and KOIN-TV] were properly served at the time of the removal" and because the joinder of KOIN-TV was not fraudulent. Pl. Mot. for Remand, ECF 11, at 3-4, 8-9, 12-13. Following full briefing of the motion to remand, Judge Russo issued the now-pending F&R, which recommends that this Court deny the motion. *See* F&R 9. Plaintiff timely filed objections, *see* ECF 32, to which Nexstar timely responded, *see* ECF 33. Plaintiff sets forth five primary arguments in her objections, including that the F&R (1) errs in finding that KOIN-TV is not an alter ego of Nexstar or a sham company; (2) "incorrectly characterizes snap removal . . . as a settled and accepted maneuver" in the Ninth Circuit; (3) "fails to consider [that] KOIN-TV is a forum defendant"; (4) "undermines the purpose of the forum defendant rule"; and (5) "overlooks the fact that [Keeler and Waage's] Oregon citizenship precludes removal under the forum defendant rule." Pl. Objs. 2-11.

//

//

//

//

//

//

//

3

Upon de novo review, this Court agrees with the F&R's findings and recommendation. Accordingly, the Court ADOPTS the F&R, ECF 30, in full; and thereby DENIES plaintiff's motion for remand, ECF 11.

IT IS SO ORDERED.

DATED this 10th day of July, 2026.

Adrienne Nelson
United States District Judge